IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GEORGE K. TRAMMELL, III, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 17-556-RGA |
| JOHN CARNEY, et al., | : |
| Defendant. | : |

George K. Trammell, III, Seaford, Delaware. Pro Se Plaintiff.

**MEMORANDUM OPINION**

June 26, 2017
Wilmington, Delaware

**ANDREWS, U.S. District Judge:**

Plaintiff George K. Trammell, III, who appears *pro se* and has been granted leave to proceed *in forma pauperis*, filed this action complaining of state court actions regarding his father's estate. (D.I. 2). Trammell asserts jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. The Court proceeds to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

Nearly five years ago, the Court of Appeals observed, "Trammell is a frequent *pro se* litigator; most of his suits are nearly indecipherable and concern state court actions regarding his father's estate." *Trammell v. Trammell*, 485 F. App'x 524, 525 (3d Cir. 2012) (per curiam) (citing *In re Trammell*, 468 F. App'x 111 (3d Cir. 2012); *Trammell v. Trammell*, 446 F. App'x 530, 531 (3d Cir. 2011); *Trammell v. Lillies Love & Daycare Daycare Ctr.*, 448 F. App'x 188 (3d Cir. 2011); *Trammell v. All Other Collateral Heirs of Estate of Marie Jones Polk,* 446 F. App'x 437 (3d Cir. 2011)).

Here, Trammell names as defendants numerous state judges, court administrators, and the current and past governors of Delaware. While not clear, the omplaint may allege violations of federal criminal statutes as it refers to various sections of the federal code. In addition, the complaint refers to the "seditious insurrectionist capacity" of state judges, a hate crime, and conspiracy all apparently related to Trammell's father's estate and the forced auction of his inherited home. There appears to be dissatisfaction with the handling of his previous case, *Trammell v. Trammell*, No. 12-14-RGA, which he appealed without success. Trammell seeks compensatory

1

damages and injunctive relief including the eviction of unlawful occupants residing at Trammell's inherited residence.

## DISCUSSION

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)).

2

However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

Plaintiff proceeds *pro se* and, therefore, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). When reviewing the sufficiency of a complaint, a court should follow a three-step process: (1) consider the elements necessary to state a claim; (2) identify allegations that are merely conclusions and therefore are not well-pleaded factual allegations; and (3) accept any well-pleaded factual allegations as true and determine whether they plausibly state a claim. *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

"Proceeding *pro se* does not entitle [Trammell] to file pleadings that are frivolous or repetitive or contain personal attacks." *Trammell*, 485 F. App'x at 526. As stated by the Court of Appeals, "[i]n his filings before this Court, Trammell appears to be attempting to draw attention away from the frivolous nature of his claims by focusing on alleged biases in the District Court and the state courts, including unfounded allegations of criminal wrongdoing." *Id.* It has been several years since Trammell last appeared in this Court. His litigation tactics, unfortunately, have not changed. After thoroughly reviewing the Complaint and applicable law, the Court draws on its judicial experience and common sense and finds that the claims raised by Trammell are frivolous. Therefore, the Court will dismiss the Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

For the above reasons, the Court will: (1) dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The Court finds amendment futile.

An appropriate order will be entered.